# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2021-04-1377

DAVID NUNLEY
77 Atterbury Blvd.
#105
Hudson, OH, 44236

-VS-                                                                                            **SUMMONS**

ARGOS HEALTH, INC.
1742 Georgetown Rd.
Ste. G
Hudson,  OH   44236

**TO the following:**

ARGOS HEALTH, INC.
1742 Georgetown Rd.
Ste. G
Hudson, OH   44236

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

STEPHAN I. VOUDRIS
8401 Chagrin Road, Suite 8
Chagrin Falls, OH   44023

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

April 30, 2021

EXHIBIT A

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2021-04-1377

DAVID NUNLEY
77 Atterbury Blvd.
#105
Hudson, OH, 44236

-VS-                                                                                               **SUMMONS**

ARGOS HEALTH, INC.
1742 Georgetown Rd.
Ste. G
Hudson,  OH   44236

**TO the following:**

DAVID ROTHGERBER
1742 Georgetown Rd.
Ste. G
Hudson, OH   44236

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

STEPHAN I. VOUDRIS
8401 Chagrin Road, Suite 8
Chagrin Falls, OH   44023

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

April 30, 2021

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| DAVID NUNLEY<br>77 Atterbury Blvd., #105<br>Hudson, OH 44236<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARGOS HEALTH, INC.<br>1742 Georgetown Rd., Ste. G<br>Hudson, OH 44236<br><br>and<br><br>DAVID ROTHGERBER<br>1742 Georgetown Rd., Ste. G<br>Hudson, OH 44236<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br>Judge _____<br><br><br><br>**COMPLAINT FOR RACE DISCRIMINATION, SEX DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT, AIDING AND ABETTING, AND NEGLIGENT TRAINING, RETENTION, AND SUPERVISION**<br><br><br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff David Nunley ("Plaintiff") alleges as follows for his Complaint against Defendants Argos Health, Inc. ("Argos") and David Rothgerber ("Rothgerber") (collectively, "Defendants"):

　　　1.　　Plaintiff is African American, male, and worked for Defendants in Summit County, Ohio as a Claims Resolution Specialist.

　　　2.　　Defendants hired Plaintiff on about September 16, 2019.

　　　3.　　Defendants terminated Plaintiff's employment on about February 24, 2020.

　　　4.　　Plaintiff was qualified for his job.

　　　5.　　Plaintiff was paid bonuses while working for Defendants.

　　　6.　　Other African American employees of Defendants complained about race discrimination by Defendants, and these African American employees also had their employments terminated around the same time as Plaintiff.

7. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

8. Venue is proper in Summit County, Ohio.

9. Plaintiff has suffered damages in excess of $25,000.

10. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

11. Plaintiff was the only African American male employee in the office in which he worked for Defendants, and this office consisted of about thirty employees.

12. Defendants treated Plaintiff differently than they treated Caucasian and female employees.

13. From the start of Plaintiff's employment, he endured discrimination based on his race, and Plaintiff complained that he was being targeted because of his race.

14. Plaintiff's first supervisor was eventually terminated, but her replacement continued to discriminate against Plaintiff.

15. Rachelle Theiss, who replaced Plaintiff's original supervisor, and David Rothgerber, Argos's President, both continued to target Plaintiff because of his race.

16. On or about February 11, 2020, during a meeting in Defendants' conference room, Plaintiff had his phone sitting (though untouched and unused) on the desk in front of him. Other employees in the conference room during this meeting also had their phones on the desk. After the meeting, Plaintiff's supervisor, Rachelle Theiss, instructed another supervisor to reprimand Plaintiff, and only Plaintiff, for having his phone on the desk.

17. The disparate treatment between Plaintiff and Caucasian and female employees was evident, for example, in its enforcement of certain rules, such as eating at desks.

18. All of Defendants employees ate food at their desks, but Defendants singled out Plaintiff for having food at his desk. During one instance, on about January 23, Rachelle Theiss walked past numerous Caucasian and female employees who were eating and their desks and reprimanded Plaintiff for this exact same behavior. During a separate incidence in which Rothgerber again reprimanded Plaintiff for eating while others were also eating, numerous co-workers jumped to Plaintiff's defense and exclaimed that others were doing exactly the same thing that Plaintiff was doing. Rothgerber then singled Plaintiff out during a meeting for eating food at his desk.

19. Defendants also treated Plaintiff differently than Caucasian and female employees by disciplining him for taking early lunches and for having his phone on the desk at a meeting—actions that did not earn discipline for Caucasian or female employees. Defendants did not have rules or guidelines regarding when breaks or lunches could be taken. Indeed, Rothgerber explicitly said that he did not care about how Defendants' employees came about the hours, as long as they reached forty hours each week.

20. Plaintiff brought a six-pack of beer as a gift for another employee at the office. After he did this, he was disciplined for bringing in the alcohol. Caucasian employees regularly brought in alcohol as gifts for other employees and they never received any discipline for this. Indeed, on one occasion, a Caucasian female employee brought in an open bottle of wine and Rothgerber joked with this employee about her drinking on the job. She received no discipline for this. Rothgerber himself also planned and executed a company-wide alcohol giveaway during Christmas.

21. On about January 23, 2020, Plaintiff complained to Human Resources Director Paige Allen via email about the discrimination that he was experiencing. In the email, Plaintiff

Sandra Kurt, Summit County Clerk of Courts

EXHIBIT A

told Allen that "in a room full of Caucasians, the eyes of management falls exclusively on the only African American male in the building." Plaintiff further advised the HR Director that he believed he was being singled out because of his race, and he felt that additional discrimination training was needed within the management staff.

22. The next day, on about January 24, 2020, Nunley also complained to HR and management and expressed that he felt he was being targeted.

23. About one month after he complained about discrimination, Defendants terminated Plaintiff's employment.

24. Plaintiff has attempted to obtain all administrative remedies by filing a Charge of Discrimination that was dual filed with the Ohio Civil Rights Commission on or about March 4, 2020. Plaintiff received a right to sue letter dated February 26, 2021.

## COUNT I
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

25. Plaintiff re-alleges each allegation set forth in paragraphs 1-24 above.

26. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendants discriminated against Plaintiff because of his race by terminating Plaintiff's employment and subjecting him to a racially hostile work environment.

27. Plaintiff is a member of a protected class.

28. Plaintiff was qualified for the job that he held with Defendants.

29. Plaintiff suffered an adverse employment action by being terminated from his employment with Defendants and being subjected to a racially hostile work environment.

30. Defendants created a racially hostile work environment by engaging in severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

*Sandra Kurt, Summit County Clerk of Courts*

EXHIBIT A

31. Plaintiff has been damaged by Defendants' race discrimination and racially hostile work environment.

32. Defendants' conduct is the proximate cause of Plaintiff's damages.

33. Defendants acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT II
## SEX DISCRIMINATION

34. Plaintiff re-alleges each allegation set forth in paragraphs 1-33 above.

35. Plaintiff is male.

36. Defendants terminated Plaintiff's employment.

37. Defendants terminated Plaintiff's employment because of his sex.

38. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendants discriminated against Plaintiff because of his sex by disciplining Plaintiff for things for which his female counterparts were not disciplined and by terminating his employment.

39. Plaintiff was qualified for his job with Defendants.

40. Plaintiff suffered an adverse employment action by being terminated by Defendants.

41. Defendants replaced Plaintiff with a female employee.

42. Defendants' conduct is the cause of Plaintiff's damages.

43. Defendants acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT III
## RETALIATION

44. Plaintiff re-alleges each allegation set forth in paragraphs 1-43 above.

*Sandra Kurt, Summit County Clerk of Courts*

EXHIBIT A

45. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(I).

46. Plaintiff engaged in statutorily protected activity by opposing Defendants' unlawful employment practices.

47. Plaintiff had a reasonable, good faith belief that Defendants were engaging in unlawful employment practices.

48. Plaintiffs suffered an adverse employment action by Defendants terminating his employment.

49. The adverse employment action that Plaintiff suffered would be materially adverse to a reasonable employee and would persuade a reasonable worker not to make or support a charge of discrimination.

50. There is a causal link between Plaintiff's protected opposition and Defendants' failure to re-hire Plaintiffs.

51. Plaintiff has been damaged by Defendants' retaliation.

52. Defendants' conduct is the cause of Plaintiff's damages.

53. Defendants acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT IV
## AIDING AND ABETTING

54. Plaintiff re-alleges each allegation set forth in paragraphs 1-53 above.

55. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(J) and 4112.99.

56. Rothgerber has aided in discriminating against Plaintiff.

57. Rothgerber has abetted in discriminating against Plaintiff.

58. Plaintiff has been damaged by Rothgerber's aiding or abetting.

59.　Rothgerber's conduct is the cause of Plaintiff's damages.

60.　Rothgerber acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT V
## NEGLIGENT TRAINING, RETENTION, AND SUPERVISION

61.　Plaintiff re-alleges each allegation set forth in paragraphs 1-60 above.

62.　Argos had a duty to use due care in training, retaining, and supervising Theiss and Rothgerber

63.　Argos breached its duty to use due care in training, retaining, and supervising Theiss and Rothgerber.

64.　There was an employment relationship between Argos and Theiss and Rothgerber.

65.　Theiss and Rothgerber were not competent for the job that they held with Argos.

66.　Argos knew or should have known that Theiss and Rothgerber were not competent for the job that they held with Argos.

67.　Argos's failure to take action against Theiss and Rothgerber caused Plaintiff's injuries.

68.　Argos's negligence in retaining and supervising Theiss and Rothgerber was the proximate cause of Plaintiff's injuries.

69.　Theiss and Rothgerber's actions were foreseeable.

70.　Argos's conduct is the cause of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendants for his lost wages, reinstatement or front pay, lost fringe benefits, statutory damages, emotional distress, and any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-

judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

>Respectfully submitted,
>
>/s/ Christopher M. Sams
>Stephan I. Voudris, Esq.
>Supreme Court No. 0055795
>Christopher M. Sams, Esq.
>Supreme Court No. 0093713
>Voudris Law LLC
>8401 Chagrin Road, Suite 8
>Chagrin Falls, OH 44023
>svoudris@voudrislaw.com
>csams@voudrislaw.com
>440-543-0670
>440-543-0721 (fax)
>*Counsel for Plaintiff*