IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID NUNLEY | ) | CASE NO. 5:21-CV-01134-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ARGOS HEALTH, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST INDIVIDUAL DEFENDANT DAVID ROTHGERBER**

Plaintiff David Nunley ("Nunley") respectfully requests that this Court deny Defendants' *Motion to Dismiss Plaintiff's Claims Against Individual Defendant David Rothgerber* (Doc. #20), because each cause of action states a claim upon which relief may be granted and Rothgerber was not fraudulently joined to this action.

This Court lacks subject matter jurisdiction, and this action should be remanded to the Summit County Court of Common Pleas. Nunley has previously filed a Motion to Remand (Doc. #6) in this matter, which is currently held in abeyance. The Parties agree that this Court should first rule on the Motion to Remand before deciding Defendants' Motion to Dismiss, especially because Defendants have submitted a new Declaration from Defendant Rothgerber, which is inappropriate for consideration in a Motion to Dismiss, while Nunley has not had the opportunity to collect evidence. *See* Defs.' Mot. at 2 ("it is improper to resolve the 12(b)(6) motion prior to resolving the claim of fraudulent joinder, which is a jurisdictional inquiry.") (citation omitted) (emphasis removed).

I. **FACTS**

The allegations against Rothgerber in Nunley's Amended Complaint (Doc. #17-1) include, but are not limited to:

- "In October 2019, Plaintiff complained to Rothgerber directly about race discrimination from his first supervisor." (Am. Compl. ¶ 14)

- "During his complaint of race discrimination in October 2019, Plaintiff told Rothgerber that he was considering resigning because he 'could not deal with the very clear and blatant racial discrimination' at work." (Am. Compl. ¶15)

- "Rothgerber . . . targeted Plaintiff because of his race." (Am. Compl. ¶ 17)

- "Rothgerber again reprimanded *only* Plaintiff for eating while other Caucasian and female employees were also eating." (Am. Compl. ¶ 20)

- "Rothgerber[] also treated Plaintiff differently than Caucasian and female employees by disciplining him for taking early lunches and for having his phone on the desk at a meeting—actions that did not earn discipline for Caucasian or female employees." (Am. Compl. ¶ 21)

- "Plaintiff brought in a six-pack of beer as a gift for another employee at the office. After he did this, Rothgerber disciplined Plaintiff for bringing in the alcohol. Caucasian employees regularly brought in alcohol as gifts for other employees and they never received any discipline for such conduct. Indeed, on one occasion, a Caucasian female employee brought in an open bottle of wine and Rothgerber joked with this employee about her drinking on the job. She received no discipline for this. Rothgerber himself also planned and executed a company-wide alcohol giveaway during Christmas." (Am. Compl. ¶ 22)

- "On about January 23, 2020, Plaintiff complained to Human Resources Director Paige Allen via phone call about the discrimination that he was experiencing. During that call, Plaintiff told Allen that "in a room full of Caucasians, the eyes of management fall[] exclusively on the only African American male in the building." (Am. Compl. ¶ 23)

- "The next day, on about January 24, 2020, Nunley also complained to Roxanne Lucas, a supervisor who worked with Rothgerber, and expressed that he felt he was being targeted because of his race and that there was 'clear discrimination.'" (Am. Compl. ¶ 24)

- "In about February 2020, Plaintiff also emailed all of his supervisors, including Rothgerber directly, and complained that he was being targeted. In this email, Plaintiff complained that he thought there was a lot of 'unconscious discrimination' against him." (Am. Compl. ¶ 26)

- "About one month after Plaintiff complained about discrimination, Defendants terminated Plaintiff's employment. Rothgerber is the individual who terminated Plaintiff's employment." (Am. Compl. ¶ 27)

- "During Rothgerber's termination meeting with Plaintiff, Rothgerber explicitly told Plaintiff that some of the supposed reasons for his termination included bringing alcohol into the office and eating at his desk—actions which Caucasian female employees also took without discipline." (Am. Compl. ¶ 28)

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. R. 8(a)(2).

To defeat a Motion to Dismiss, the plaintiff must only provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, in its review of Plaintiff's Amended Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. ARGUMENT

Rothgerber was not fraudulently joined to this action. Nunley's Amended Complaint contains sufficient allegations against Rothgerber under Rule 8(a)(2), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Nunley properly pleaded claims against Rothgerber for retaliation and aiding and abetting. This Court, therefore, should deny Defendants' Motion to Dismiss, if it does not first rule on Plaintiff's Motion to Remand.

> **A. Defendants' Arguments Regarding Fraudulent Joinder Relate to Motions to Remand, Not Motions to Dismiss. This Court Should Disregard Defendant Rothgerber's Declaration and Rule on Plaintiff's Motion to Remand.**

This Court should first rule on Plaintiff's Motion to Remand (Doc. #6) before ruling on Defendants' Motion to Dismiss. Defendants' Motion and its submission of a new Declaration is an attempt to re-brief or produce supplemental briefing on its Opposition to Plaintiff's Motion to Remand, where Defendants failed to submit Rothgerber's Declaration. Defendants' arguments regarding fraudulent joinder and their arguments that this Court should consider evidence are not appropriate for a motion to dismiss. Indeed, the cases that Defendants cite relate to motions to remand, not motions to dismiss. *See Walker v. Philip Morris USA, Inc.* 443 F. App'x 946, 947-948 (6th Cir.2011) ("Because we conclude the district court erred in denying the motion to remand"); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir.1999) ("However, the district

4

court erred when it dismissed Plaintiff's action, as opposed to remanding Plaintiffs' claims against Defendants."); *Miner v. Hirschbach Motor Lines, Inc.*, No. 1:05CV0703, 2005 U.S. Dist. LEXIS 11249, at *2 (N.D. Ohio June 7, 2005) ("Pending is plaintiff's motion for remand, in which she alleges that removal was improper due to the presence of the non-diverse co-defendant Commission."); *Johnson v. DePuy Orthopaedics, Inc.,* No. 1:11 dp 21813, 2012 U.S. Dist. LEXIS 74450, at *19 (N.D. Ohio May 30, 2012) ("For the reasons stated above, Plaintiffs' motion to remand is denied."); *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 392-394 (5th Cir. 2000) ("The instant interlocutory appeal concerns the propriety of the district court's denial of the plaintiff's motion to remand . . .").

To the extent that this Court decides to permit Defendant Rothgerber's Declaration for consideration and to the extent this Court decides to rule on this Motion to Dismiss, then Plaintiff requests that this Court convert Defendants' Motion to Dismiss into a Motion for Summary Judgment, and permit Plaintiff time to collect evidence, such as taking Defendant Rothgerber's deposition. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion ***must*** be treated as one for summary judgment under Rule 56. All parties ***must*** be given a reasonable opportunity to present all the material that is pertinent to the motion.")[1] (emphasis added). Plaintiff has not had a sufficient opportunity to conduct discovery, because this Court's Case Management Conference Scheduling Order stayed discovery until the Case Management Conference, and because Defendant Rothgerber's Declaration is newly filed. *See* Case Management Conference Scheduling Order, Doc. # 13, pg. #134; *see* Declaration of David Rothgerber Doc. #20-1.

---

[1] Defendants purport to submit their Motion pursuant to both Rules 12(b)(1) and 12(b)(6), but Defendants' Motion pursuant to 12(b)(1) is contradicted by their own argument that this Court *does* have Subject Matter Jurisdiction over the claims at issue.

5

**B.	This Court Should View All Disputed Facts in the Light Most Favorable to Nunley.**

This Court, in ruling on Defendants' Motion to Dismiss, should only consider the allegations in the Amended Complaint. Consideration of Rothgerber's Declaration is only appropriate in a Motion for Summary Judgment. Regardless, even if this Court does consider Rothgerber's Declaration, any disputed factual allegations should be viewed in the light most favorable to Nunley. *Walker v. Philip Morris USA, Inc.* 443 F. App'x 946, 951 (6th Cir.2011) ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . . Further, '[A]ny disputed questions and fact and ambiguities in the state law [should be resolved] . . . in favor of the nonremoving party.). "The non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to our determination regarding fraudulent joinder." *Id*. (citations omitted).

> [A]lthough the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may . . . "pierce the pleadings" and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Any contested issues of fact and any ambiguities of state law must be resoled in [the plaintiff's] favor*. The burden of persuasion on those who claim fraudulent joinder is a heavy one.

*Walker v. Philip Morris USA, Inc.* 443 F. App'x 946, 953 (6th Cir.2011) (citing *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) (emphasis added in *Walker*).

> In sum, courts generally agree on the following two rules when deciding motions to remand that involve allegations of fraudulent joinder. First, even if the district court "pierces the pleadings" to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential. Second, any contest issues of fact must be construed in the plaintiff's favor.

6

*Id.* at 954. When viewing the factual allegations in the light most favorable to the plaintiff, Nunley's allegations against Rothgerber demonstrate that Rothgerber retaliated against Nunley and aided and abetted Argos in its discrimination of Nunley, for the reasons described in this *Opposition*. Notably, Rothgerber does not deny that Nunley complained about race discrimination, his Declaration only asserts that he does not **recall** the complaints. *See* Declaration of David Rothgerber (Doc. #20-1) ("**I do not recall** David Nunley ever complaining to me, during his employment with the Company, about race discrimination or discrimination on the basis of any other protected category.") Nunley's Amended Complaint, in contrast, alleges that he did complain directly to Rothgerber about race discrimination on at least two occasions, regardless of whether Rothgerber recalls the complaints. Am. Compl. ¶¶ 14, 26. Indeed, even Defendants own exhibit lends support to Nunley's allegations: "I feel like I am being targeted here . . . Just so very curious as to why what's going on at MYdesk [sic], as well as my lunch schedules, are getting so much attention . . . UNLESS I'm being specifically targeted. Which is how I feel . . . I question the reason I am being targeted." Defs. Ex. 1 to Ex. A to Defs. Mot. to Dismiss Plaintiff's Claims Against Individual Def. Rothgerber. Doc. #20-1, Pg. #249.

     Defendants' argument would have this Court make a factual determination that is inappropriate in determining whether there was fraudulent joinder. There are disputed allegations about whether Nunley complained to Rothgerber of race and sex discrimination and whether Rothgerber retaliated for these complaints and aided and abetted Argos in its discrimination, but the sufficiency of these disputed factual allegations should only be decided on a motion for summary judgment.

> The fact-based, summary-judgment-type inquiry contemplated in such a case is the inquiry that is necessary to bring the true undisputed facts to this court's attention. An inquiry into the facts is not permitted in ruling on a motion on the pleadings; therefore, some piercing of the pleadings and factual presentation must be permitted

7

> if the court is to be informed of undisputed facts that undermine the well-pleaded claim that is otherwise colorable on its face. This piercing permits consideration of such undisputed facts that negate the claim. ***It is not intended to provide an opportunity to test the sufficiency of the factual support for a plaintiff's claim, as is done in a Rule 56 motion***.

*Walker v. Philip Morris USA, Inc.* 443 F. App'x 946, 956 (6th Cir.2011) (emphasis added). Defendants' argument, in effect, is that Rothgerber's Declaration, which merely provides conclusory statements to ostensibly contradict Nunley's claims, is sufficient to defeat Nunley's detailed allegations of retaliation and aiding and abetting. That is not how this Circuit analyzes fraudulent joinder claims.

> In rejecting Plaintiffs' evidence as insufficient to overcome the Kentucky Defendants' affidavits, the court went beyond the relevant inquiry – whether the Plaintiffs have a colorable claim under Kentucky law – and instead inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry. But Rule 56 motions for summary judgment are decided after discovery, not shortly after filing. Plaintiffs were made subject to a higher standard by Defendants' removal. Here the district court effectively decided that there were no genuine issues of material fact on a motion to remand, before discovery.

*Id.*

Nunley's Amended Complaint makes numerous and detailed allegations of retaliation and aiding and abetting against Defendant Rothgerber, and Defendants' own exhibits support some these claims by Nunley. Any disputed factual allegations must be viewed in the light most favorable to Nunley. Rothgerber was not fraudulently joined to this action, and this Court should deny Defendants' Motion and remand this matter to state court.

**C.     Nunley Properly Pleaded a Retaliation Claim Against Rothgerber.**

Nunley adequately pleaded a retaliation claim. Nunley has provided detailed and substantial allegations that Rothgerber retaliated against him because of his complaints of race and sex discrimination. Ohio's retaliation statute explicitly permits liability against individuals. Ohio Revised Code 4112.02(I) ("It shall be an unlawful discriminatory practice . . . For any **person** to

8

discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation proceeding, or hearing under sections 4112.02 to 4112.07 of the Revised Code.") (emphasis added).

Nunley alleged that he made complaints of race discrimination directly to Rothgerber in October 2019, and Nunley also alleged that he made a complaint of "a lot of unconscious discrimination" by email to "all of his supervisors, including Rothgerber directly." (Am. Compl. ¶¶ 14, 26). Rothgerber then retaliated against Nunley by terminating his employment approximately one month after this complaint and other complaints to another supervisor, Roxanne Lucas, and a complaint to Human Resources. Am. Compl. ¶¶ 23-24, 27. Nunley alleged that Rothgerber singled him out for eating, for having his phone at a meeting, and for bringing alcohol to work while female and Caucasian employees were not disciplined for these same actions, and that Rothgerber then used these reasons as a pretext for the termination of Nunley's employment. Am. Compl. ¶¶ 15, 16, 18-20, 27-28. These allegations meet the required elements in Ohio's retaliation statute for a claim of retaliation against Rothgerber and they provide sufficient notice of the claims against Rothgerber. *See* Ohio Revised Code § 4112.02(I).

Defendants argue that "Rothgerber swore under oath that he did not ever recall Plaintiff complaining to him" (Defs.' Mot. at 6, Doc. #20), but Rothgerber's knowledge of Mr. Nunley's complaints is a factual question to be decided at trial. *See Gould v. Case W. Rsrv. Univ.*, 369 F. Supp. 2d 915, 917 (N.D. Ohio 2005) (citing *Gausmann v. City of Ashland,* 926 F.Supp. 635, 638 (N.D.Ohio 1996) ("In deciding a motion to dismiss under R. 12(b)(6), the court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff."). Nunley alleged that he complained directly to Rothgerber

9

about race discrimination on two separate occasions, to Human Resources, and to his Supervisor, Roxanne Lucas, and that Rothgerber terminated Nunley's employment for these Complaints. Am. Compl. ¶¶ 14, 23-26, 27-28. These well-pleaded allegations support Nunley's retaliation claim against Rothgerber.

Nunley has appropriately pleaded the elements required for a retaliation claim pursuant to Ohio Revised Code Section 4112, and Rothgerber is liable for retaliation pursuant to that statute.

**D.  Nunley Properly Pleaded an Aiding and Abetting Claim Against Rothgerber.**

Defendant Rothgerber aided and abetted Argos in the discrimination of Nunley because of Nunley's race and sex. Like retaliation, individuals may be held liable under Ohio's aiding and abetting statute. Ohio Revised Code § 4112.02(J) ("It shall be an unlawful discriminatory practice . . . For any *person* to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.") (emphasis added).

Nunley has made sufficient and detailed allegations in his Amended Complaint to support this claim. Rothgerber's actions in aiding and abetting the discrimination against Nunley were not conclusory and were more than mere association: Rothgerber is the individual who singled Nunley out for food, his cell phone, and bringing alcohol to work, and Rothgerber explicitly cited these as reasons for the termination of Nunley's employment. Am. Compl. ¶¶ 20-22, 28. Rothgerber is also the individual who actually expressed to Nunley the pretextual reason for his termination and he is the individual who terminated Nunley's employment. Am. Compl. ¶¶ 27-29. Rothgerber is not just associated with Argos, he actively aided Argos in discriminating against Nunley.

## IV. CONCLUSION

Nunley's Amended Complaint properly alleges sufficient facts that could allow him to recover for the causes of action at issue against Rothgerber. Rothgerber retaliated against Nunley for his claims of race and sex discrimination. Rothgerber aided and abetted Argos in its discrimination. This Court should deny Defendants' Motion to Dismiss in its entirety and remand this matter to state court for the reasons set forth in Plaintiff's Motion to Remand.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

## **CERTIFICATION**

Pursuant to Northern District of Ohio Local Rule 7.1(f), I hereby certify that this case is assigned to the standard track and adheres to the page limitations set forth in Rule 7.1

/s/ Christopher M. Sams

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2022, I served the foregoing by this Court's Electronic Filing System, which shall serve notice upon counsel for Defendants.

/s/ Christopher M. Sams