UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID NUNLEY, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:21-CV-01134 |
| | ) | |
| vs. | ) | **MEMORANDUM OF ORDER** |
| | ) | **AND OPINION** |
| | ) | (Resolves Doc. 6) |
| ARGOS HEALTH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before this Court is Plaintiff David Nunley's Motion for Remand to State Court and for Attorney's Fees. Doc. 6. For the following reasons, Plaintiff's motion for remand is GRANTED, and his motion for Attorney's Fees is DENIED.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff David Nunley ("Plaintiff") originally filed a complaint against Defendants Argos Health Inc. ("Argos") and David Rothgerber ("Rothgerber") in the Summit County Court of Common Pleas. Doc. 1-1. Plaintiff and Rothgerber are Ohio citizens, and Argos is incorporated in Delaware with its principal place of business in Dallas, Texas. Doc. 1 at 2. Defendants removed the case to this Court based on diversity jurisdiction, asserting that Plaintiff fraudulently joined Rothgerber to destroy diversity jurisdiction. Doc. 1. Defendants argued that Rothgerber should be dismissed from the case, resulting in complete diversity among the parties. Doc. 1.

To that end, Rothgerber filed a Motion to Dismiss, arguing that the Complaint lacked specific factual allegations to support the claims asserted against him. Doc.4. Plaintiff opposed and

argued that the allegations against Rothgerber were sufficiently detailed but requested in the alternative to amend the Complaint. Doc. 7. Plaintiff also filed a Motion to Remand to State Court. Doc. 6. Defendants opposed, and Plaintiff filed a reply in support. Docs. 9, 11. In his reply, Plaintiff stated in a footnote that "to the extent this Court finds that Plaintiff's Complaint was not adequately pleaded, Plaintiff seeks leave to file an Amended Complaint." Doc. 11 at 2. Without making a determination on the adequacy of the initial Complaint, the Court granted Plaintiff leave to amend the Complaint, dismissed Rothgerber's Motion to Dismiss as moot, and held Plaintiff's Motion to Remand in abeyance. Doc. 19. Thereafter, Rothgerber moved to dismiss the Amended Complaint, asserting that he was fraudulently joined and that the Amended Complaint failed to state claims upon which relief could be granted. Doc. 20. For the reasons set forth below, the Court concludes that Plaintiff did not fraudulently join Rothgerber and therefore GRANTS Plaintiff's Motion to Remand. Doc. 6.

## II. LAW AND ANALYSIS

For any case originally filed in state court and subsequently removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a matter is removed due to diversity of citizenship, the determination of whether complete diversity of citizenship, and therefore subject matter jurisdiction, exists is made at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). The burden is on the removing parties. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Fraudulent joinder, "is a judicially created doctrine that provides an exception to the requirement of complete diversity" where non-diverse defendants do not "defeat removal on diversity grounds." *Coyne*, 183 F.3d at 493 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d

1284, 1287 (11th Cir. 1998)) (internal quotation marks omitted).

To prove fraudulent joinder of a non-diverse defendant, "the removing party must present sufficient evidence that [] plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "However, if there is a colorable basis for predicting that [] plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id*. A claim is colorable "if the state law might impose liability on the resident defendant under the facts alleged." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)) (internal quotation marks omitted). Any disputed questions of fact and any ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949).

### A. Aiding and Abetting (Count IV)

In his Complaint, Plaintiff asserts a claim of aiding and abetting against Rothgerber.[1] Doc 1-1 at 6. Defendants acknowledge that Plaintiff asserts allegations regarding Rothgerber's workplace conduct against Plaintiff. However, Defendants argue that Plaintiff failed to allege that Rothgerber made discriminatory remarks or demonstrated a discriminatory animus, or otherwise knowingly did something he should not have done to aid or assist in discrimination against Plaintiff. Doc. 1 at 4.

It is an unlawful discriminatory practice under Ohio law

> [f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

---

[1] Because the Court concludes Plaintiff has pled a colorable claim of aiding and abetting, there is no need to address the remaining claims.

3

Ohio Revised Code § 4112.02(J).

In his Motion to Remand, Plaintiff points to various allegations to establish that he asserted discriminatory animus. Doc. 6 at 7. Indeed, Plaintiff alleged that Rothgerber targeted him due to race and included specific examples of Rothgerber punishing him for actions for which non-protected individuals were not. Doc. 1-1 at ¶15-23. Further, Plaintiff asserted that after complaining to HR and management that he was being targeted, "Defendants terminated Plaintiff's employment." Doc. 1-1 at ¶23. Rothgerber is a listed defendant and therefore Plaintiff clearly asserts that both Argos and Rothgerber terminated his employment after he complained about discrimination.[2] Defendants' argument that Plaintiff's failed to assert a colorable claim of aiding and abetting against Rothgerber is without merit.

### III. CONCLUSION

For the foregoing reasons, this Court determines that Rothgerber was not fraudulently joined in this matter. Accordingly, this Court does not possess subject matter jurisdiction over this action because complete diversity of citizenship does not exist. This matter, therefore, must be remanded. Therefore, Plaintiff's Motion to Remand is hereby GRANTED. Doc. 6. The Court DENIES Plaintiff's request for attorney's fees. This matter shall proceed in the Summit County Court of Common Pleas.

**IT IS SO ORDERED.**

**2/24/2022**  
**Date**

**/s/ John R. Adams**  
**John R. Adams**  
**U.S. District Judge**

---

[2] In declarations before the Court, Rothgerber "did not recall" the incidents alleged. However, Rothgerber's failure to recall the events cannot serve as a basis for this Court to conclude that the events did not occur.